### FORECLOSURE IN THE COMMON PLEAS ON PROPERTY HELD BY AN INSOLVENCY COURT ASSIGNEE.

Common Pleas Court of Cuyahoga County.

## A. O. WEIS v. JACOB W. MANN ET AL.

Decided June 20, 1927.

*Foreclosure—Adequate Relief—Right of Mortgagee to a Receiver— Jurisdiction of an Insolvency Court Assignee—Ousted Because of the more Complete Relief Offered in the Common Pleas.*

1. Jurisdiction of subject matter can not be conferred by consent.
2. Knowledge on the part of a grantee of fraudulent intent in the conveyance of property is material under the "hinder and delay" statutes (Secs. 11104 and 11105), but not under the "gift" statute. (Sec. 8618.)
3. An assignee takes nothing by virtue of assignment to him of property to which the assignor held title through a conveyance in fraud of creditors.
4. Jurisdiction of the Court of Insolvency is ousted by the bringing of a suit in the common pleas for foreclosure of a mortgage on property held by an assignee, where the petition in the Common Pleas asks for the additional relief of a personal judgment against the makers of the note upon which the relief is based.

*Henry A. Hollander,* for plaintiff.
*A. R. Johnson,* for Ohio State Life Ins. Co.
*Payer, Minshall, Karch & Kerr,* for R. N. Farmer.
*Boer, Arnold & Tobias,* for Assignee.

RUHL, J.

This action before the court, entitled A. O. Weis, plaintiff, against Jacob W. Mann, and others, defendants, in an action brought by the plaintiff setting up two causes of action. The first is on a promissory note due and unpaid, and the second cause on a mortgage upon real estate described in the petition and alleged to secure the note set up in the first cause of action. Subsequently, there was an amended petition filed making new parties defendant—Jacob W. Mann, Sophia Mann, the Ohio State Life Insurance Company, Ben Moutner, Norman Soffen, Charlotte D. Soffen, Ronald N. Farmer, Esther Buskoff, Oliver A. Austin, Florence Mann, and the new party defendant, Ira E. Arnold, as assignee of Norman C. Soffen. No pleading has been filed by Jacob W. Mann or Sophia Mann. The defendant life insurance company filed

an answer and cross petition; the assignee, Ira E. Arnold, filed an answer and cross petition; the amended petition prays for a judgment on the first cause of action against Sophia Mann and Jacob W. Mann, and foreclosure of mortgage. The defendant life insurance company prays for a personal judgment against both Jacob Mann and Sophia Mann and foreclosure of mortgage. At the outset there was an application for a receiver, and a receiver was appointed by a branch of this court. In addition to these pleadings Roland N. Farmer filed a cross petition, and in that cross petition alleges that the transfer of the real estate herein from Mrs. Soffen and Mrs. Bushkoff to Sophia Mann was fraudulent, in that a judgment had been rendered by this court in the sum of $10,000 for personal injury while he was being shown around as prospective tenant in one of the buildings being constructed by the grantors on said realty. Defendant Farmer asks that the deed be set aside.

*First.* Let us take up the matter of appointment of the receiver. The defendant mortgage company argue that this court had already assumed jurisdiction with consent of the defendant, Ira E. Arnold, assignee, in making the appointment of a receiver. It only need be mentioned that jurisdiction of subject-matter can not be conferred by consent.

Section 11894, of our General Code, provides for the appointment of receivers. There are six subdivisions in this section. The second subdivision provides for the appointment of receivers in foreclosure suits but under that subdivision *inadequacy of security* is the ground upon which a receiver may be appointed.

The defendant insurance company contends, and the evidence shows, that their mortgage provided that not only the fee was given as security but the rents and profits in addition thereto were pledged. That being true, the appointment would not come under the second subdivision alone, but under the sixth subdivision of General Code 11894, where "in all other cases in which receivers heretofore have been appointed by the usages of equity." Whether this receiver was appointed under the inadequacy subdivision, or the general equity subdivision, is immaterial in this case. 64 Ohio State, 413, has the following, quoting from the syllabus:

"Rents of land accruing after an assignee for the benefit of creditors has taken possession of the assigned property, belong, as between general creditors and a mortgagee, claiming under a mortgage which pledges the rents, issues and profits of the land, to the latter when necessary to fully pay the obligation secured by the mortgage."

"The filing by a building association, mortgagee, of answer and cross-petition in a proceeding brought by an assignee for authority to sell land, is not such an election to forfeit the stock of the member as will estop the association from claiming fines for non-payment of dues accrueing after the assignment."

"The property having been assigned to him, he is in charge of the property and may collect rents, and the court under which the assignment was made would have a right to distribute the rent to the parties to whom the rent might belong."

If the Insolvency Court has exclusive jurisdiction in this case, it would have been unnecessary to have appointed any receiver thereof. The assignee could have taken care of that work just as well. If, on the other hand, this court rightfully takes jurisdiction, the appointment of a receiver was right and proper.

The contention of the insurance company and the other mortgagee, relative to the receiver and his appointment by this court, and the granting of the restraining order is beside the case when it comes to deciding the real issue.

*Second.* It is claimed by Farmer, defendant, that the sale or alleged sale, made by Mrs. Soffen and Mrs. Bushkoff to Sophia Mann, was fraudulent in violation of 8618 of the General Code, usually referred to as the gift statute.

The defendant Farmer is claiming there was no consideration. If there was no consideration, then it would be a gift from Mrs. Soffen and Mrs. Bushkoff to Sophia Mann. At the time the conveyance was made suit had not been filed. The testimony shows that Mrs. Soffen said she had been told of the accident the same day it occurred. The evidence is clear that the grantors knew of the accident which later resulted in the judgment of $10,000, and that they intended in making the deed to defraud this subsequent creditor.

Under the gift statute, Section 8618:—

"Every gift, grant, or conveyance of land, tenement,

hereditament, rent, goods or chattels, and every bond, judg-
ment or execution, made or obtained with intent to defraud
creditors of their just and lawful debts or damages, or to de-
fraud or to deceive the person or persons purchasing such
land, tenement, hereditament, rent, goods or chattels, shall
be utterly void and of no effect."

In *Huwe* v. *Knecht*, 31 O. C. A., page 305, the first sec-
tion, of the syllabus reads:

"A conveyance of real estate by a husband to his wife as
a gift will be set aside as having been made in fraud of cred-
itors, where it is disclosed that the husband has not suffi-
cient assets to permit him to make the gift and is unable to
pay his debts."

General Code, making knowledge of fraululent intent
material, applies only to Sections 11104 and 11105, relating
to transfers in contemplation of insolvency or to prefer
creditors, and not to Section 8618, of the General Code, in-
validating gifts to defraud creditors.    Hence the transfer
by a husband of his unencumbered property to his wife,
thereby providing a home in which to live and defeating the
rights of his existing creditors, in constructively fraudu-
lent and void, even though no actual fraud was intended.
Under 8618 there might be no knowledge upon the part of
the grantee.   Under 11105, which we refer to as the "hinder
and delay" statute, knowledge is required to be shown on the
part of the grantee of the fraud.   However, defendant
Farmer relies on Section 8618 entirely.

The transaction relating to this conveyance by these two
grantors to the grantee, Sophia Mann, is most unusual. The
property was transferred September 17th, 1925.   It is con-
tended that Sophia Mann paid for the property described
in Farmer's cross petition, by giving a check for $3,000.
There were two other transactions at about the same time
transferring property of grantors.   They were, however,
insolvent.   There were two checks of $3,500. each, the three
checks aggregating $10,000. The evidence shows these three
checks were drawn on the Merchants Trust and Savings
Bank of Cleveland, and that on September 18th, 1925,
Sophia Mann opened an account and deposited $10,000. On
the same day, she draws three checks, two for $3,500 and

one for $3,000, thereby drawing everything out of that account and no further deposits were made and none made before and no further checks drawn.  The evidence shows by a series of deeds, Sophia Mann transferred this property to Florence Mann without consideration, and Florence Mann transferred it to Norman Soffen without consideration, and he made a deed of assignment to Ira E. Arnold. The evidence shows in the account of Norman Soffen, covered up by the name of the S. and B. Realty Company—Norman Soffen, however, signed all checks on that account—that there was a deposit of $10,000 on September 18th.  The evidence shows these are the three checks given by Sophia Mann, $3,000, $3,500, and $3,500, aggregating $10,000. The eveidence shows that the S and B. Realty Company deposited a $10,000 check.  The evidence further shows the S and B Realty Company, by Norman Soffen, drew a $10,000 check to cash.  The S and B Realty Company transacted its business by one $10,000 transaction.  That is on each side of the ledger, one check $10,000, one deposit for $10,000 made up of the three checks.

The check introduced in evidence was made payable to "Cash" and endorsed by one Maurice Axelrod. The check itself shows the endorsement of Maurice Axelrod was placed there long after the other writing on the check.  Besides that, we have the evidence of the banker this morning that none of these checks were paid in cash; that they went through the clearing house; the $3,000 check conclusively shows it to have been paid by this bank, never to have gone through the clearing house at all, and never to have been endorsed by Norman Soffen, though you have here the deposit ticket with it on.  Fraud can seldom be proved by direct testimony; it is the indirect, the badges of fraud, we call it, that shows the true situation.

Mrs. Mann was a woman of no means, being supported by her children, but she gets $10,000 and deposits and draws $10,000 on the same day.  You have a complete family circle, of which Norman Soffen is the brains and the women are the tools.  Sophia Mann paid nothing for this property. It was deeded to her by Mrs. Soffen and Mrs. Bushkoff on kited checks and Mrs. Mann turned it over to her daughter

and it is held for whom? For the instigator of this whole
transaction, Norman Soffen, as long as he can hold it; then
he makes an assignment for the benefit of creditors and the
next day after it is again deeded.

It will be the finding by this court that there was no con-
sideration for the deed from Mrs. Soffen and Mrs. Bushkoff
to Sophia Mann; that they were at the time under obligation
to Roland Farmer—which afterwards terminated in judg-
ment of $10,000; the transaction is fraudulent and void
under the statute. The assignee acquired nothing by virtue
of the deed of assignment made to him by defendant Nor-
man Soffen.

*Third.*—Coming now to the other aspect of the case; the
assignee has filed an answer. He files an answer which
comes in the form of demurrer that this court does not
have jurisdiction of the subject-matter.. There having been
an assignment for the benefit of creditors, the Court of In-
solvency took jurisdiction and that jurisdiction was exclu-
sive.

The plaintiff, without knowing there was an assignment,
brought action in this court to foreclose his mortgage then
overdue, and asked for personal judgment, not against the
assignor, but against Jacob W. Mann and Sophia Mann the
makers; and the cross petitioner, the Ohio State Life Insur-
ance Company, joins in that foreclosure and asks personal
judgment in its favor. No action had been brought by the
assignee in the Court of Insolvency for order to sell said
realty.

General Code, Section 11306:

*"What causes may be joined..* Plaintiff may unite several
causes of action in the same petition whether they are legal
or equitable or both when they are included in any of the
following classes."

The eighth class reads as follows:
"Claims to foreclose a mortgage, to secure the payment
of money or to enforce a specific lien for money, and to re-
cover a personal judgment for the debt secured by such
mortgage or lien."

Under that section the plaintiff joined his causes of action
and comes into this court.

The Court. of Insolvency acquired jurisdiction by reason of the deed of assignment, and so long as that court could give *adequate relief* its jurisdiction was exclusive. Supporting that doctrine there are several cases. I read from Vol. 53 Ohio St., page 342:

"Where a deed of assignment has been filed in the Probate Court in accordance with Section 6535 Revised Statute, and the assignee has qualified, that court is clothed with jurisdiction to fully execute the trust. And where such deed conveys land encumbered by mortgage, the court has power, as an incident of jurisdiction, to order the land sold and the mortgage satisfied.

"Jurisdiction thus acquired is not ousted by the subsequent commencement of ·an action by the mortgagee in the Court of Common Pleas of·the county, to foreclose the mortgage."

In *Robinson* v. *Williams*, 62 Ohio St., page 401, the syllabus reads as follows:

"The Court of Common Pleas has jurisdiction in the foreclosure on a mortgage, notwithstanding a previous assignment of the mortgator for the benefit of creditors, in all cases where the remedy in the Probate Court *is inadequate.* And this is so where the assignment does not include all the property covered by the mortgage; or, as in this case, the mortgagor, after making the mortgage, has platted into lots and streets and made of it an addition to a city, without the assent of the mortgagee, and disposed of some of the lots."

"2. Where a suit to foreclose a mortgage is rightly commenced in the Common Pleas, pending an assignment in the Probate Court made by the mortgagor, the subsequent commencement in the same court of a suit by the assignee for the purpose of obtaining an order to sell the land as assigned property, can not be sustained against the objection of the mortgagee."

Reading from Ninth Appellate Reports, page 365:—

"On May 7, 1918, plaintiff instituted suit in the Court of Common Pleas of Hamilton county to foreclosure a mortgage on real estate of S, May 6, 1918, S made an assignment for benefit of creditors and the assignee qualified May 8, 1918. The assignee was made a party defendant in the foreclosure suit. After his appointment the assignee filed a proceeding in the Insolvency Court to sell said real estate, and upon application of the plaintiff the assignee was enjoined from proceeding with his action. Appeal was then taken to the Court of Appeals. *Held:*

"1.    That appeal would lie from the order granting the injunction, under Section 6, Article IV of the Constitution.

"2.    That by the institution of the action in the Co:u; .oii Pleas Court on May 7 the court properly and legally ac-quired jurisdiction of the subject-matter, and that plaintiff had the right of resort to that court since it was the only court that could give him a full and complete remedy in one suit.

"3.    The Common Pleas Court having acquired jurisdic-tion of the subject-matter and the parties, the subsequent institution by the assignee of proceedings in the Insolvency Court to sell said property did not oust the Common Pleas Court of the jurisdiction it had acquired."

What is meant by *adequate relief* is somewhat discussed in 95 Ohio St., on page 108, under *"The State ex rel. The Merydith Construction Co. v. Dean, Auditor."* I will read the court's opinion on the last page, 123:

"The law in this modern conception must define *an ade-quate remedy as one complete in its nature, beneficial and speedy.* In the instant case it is due to the relator as a mat-ter of right that these bonds be signed. · By the language of law relator was assured that the money to become due it was already in the treasury, which money could not be in the treasury without the sale of these bonds."

"It was held in the case of *Babcock v. Goodrich*, 47th Cal-ifornia, 488, 508, that when a suit in mandamus seeks to re-quire a public officer to perform the duty imposed upon such officer by law, the relator has no adequate remedy at law, unless a legal remedy other than mandamus will require the officer to perform in effect the specific act which the law required the officer to do."

"It has also been held that an adequate legal remedy which will defeat an action in mandamus is one which se-cures, absolutely and of right, to the injured complaining party, relief from the wrong done." *Ames v. Union Pacific Railway*, 54 Fed., page 165.

*Adequate relief in its modern conception must be an ade- · quate remedy complete in its nature, beneficial and speedy.*

Plaintiff brought an action and in it are two causes set forth. The first cause of action asks for personal judgment, on his note due and unpaid, not against the assignor in In-solvency Court, but against the makers and the holders of this property. The life insurance company does the same

thing. Section 11306, General Code, vests in them the right to bring such action and join these two causes. Vesting those rights in them, they come in here with a right to obtain personal judgment. Personal judgment can not be given in the action provided for in the Court of Insolvency; it can not give adequate and *complete relief.*

This court finds the Court of Insolvency can not give full and adequate relief, and therefore finds for the plaintiff in this case. Personal judgment will be given to the plaintiff, and to the defendant life insurance company, and foreclosure of mortgages and decree for the defendant Farmer. The cross petition of the defendant assignee is dismissed.